**EXHIBIT A**

Electronically Filed - Camden - February 19, 2021 - 12:00 PM

## IN THE CIRCUIT COURT OF CAMDEN COUNTY, MISSOURI

| | | |
|---|---|---|
| **LOUIS NOLAND, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **COMPASS HEALTH, INC., D/B/A** | ) | |
| **COMPASS HEALTH NETWORK,** | ) | |
| | ) | |
| **Serve Registered Agent at:** | ) | **Case No.: _____** |
| **Rhonda Meyer** | ) | |
| **1800 Community Drive** | ) | **JURY TRIAL DEMANDED** |
| **Clinton, MO 64735,** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **COMPASS HEALTH NETWORK,** | ) | |
| | ) | |
| **SERVE AT:** | ) | |
| **1091 Midway Drive** | ) | |
| **Linn Creek, MO 65052** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### PETITION FOR AGE AND DISABILTIY DISCRIMINATION, HARASSMENT (INCLUDING A HOSTILE WORK ENVIRONMENT) AND RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT, ADA, ADAA, ADEA, AND FOR VIOLATIONS OF THE FLSA

**COMES NOW,** Plaintiff Louis Noland, Jr., ("Plaintiff" or "Noland") and for his Petition for Damages against Compass Health, Inc. d/b/a Compass Health Network and Compass Health Network, states as follows:

### THE PARTIES

1. Plaintiff is a resident of Camden County, Missouri.

2. Plaintiff is a former employee of Compass Health, Inc. d/b/a Compass Health Network and Compass Health Network, who was terminated after he engaged in protected activity in the workplace.

1

3.    Defendant Compass Health, Inc. d/b/a Compass Health Network is a Missouri for-profit corporation.

4.    Defendant Compass Health, Inc. d/b/a Compass Health Network is an employer within the meaning of the Missouri Human Rights Act ("MHRA") because it employs six or more individuals within Missouri.

5.    Defendant Compass Health Network is a Missouri for-profit corporation.

6.    Defendant Compass Health Network is an employer within the meaning of the Missouri Human Rights Act ("MHRA") because it employs six or more individuals within Missouri.

7.    Defendants are an employer within the meaning of the Americans with Disabilities Act (ADA) and the ADA Amendments Act (ADAAA) because they have at least fifteen (15) employees.

8.    Defendants are an employer within the meaning of the Age Discrimination in Employment Act (ADEA) because it has at least twenty (20) employees.

## JURISDICTION AND VENUE

9.    Plaintiff brings this action against Defendants pursuant to the MHRA, as amended, the ADEA and FLSA as amended, and the ADA and ADAAA, as amended, for the discriminatory, harassing (including a hostile work environment), and retaliatory behavior of Defendants and its managers and agents regarding their discriminatory and retaliatory treatment of him based on his age and disability.

10.    Jurisdiction and venue are proper in Camden County, Missouri, pursuant to RSMo. § 213.111.1 because the discriminatory treatment complained of in Plaintiff's Petition occurred there.

2

11.     On or about March 12, 2022, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") based on his claims of age and disability discrimination, harassment (including a hostile work environment), and retaliation.

12.     The matters were assigned MCHR/EEOC Charge Nos. E-03/20-51992 28E-2020-00604C and E-03/20-51993 28E-2020-00605C (A copy of the MCHR/EEOC Charges are attached respectively as **Exhibit 1** and **Exhibit 2**).

13.     Plaintiff incorporates MCHR/EEOC Charge Nos. E-03/20-51992 28E-2020-00604C and E-03/20-51993 28E-2020-00605C (A copy of the MCHR/EEOC Charges are attached respectively as **Exhibit 1** and **Exhibit 2**) herein by reference.

14.     The MCHR and EEOC has issued Plaintiff Right to Sue letters ("RTS")(A copy of the Right to Sue Letters are attached respectively as **Exhibit 3, Exhibit 4, Exhibit 5,** and **Exhibit 6**).

15.     Plaintiff's Petition is filed within ninety days of the issuance of the MCHR and EEOC Right to Sue letters and within two years of the discrimination and retaliation of which Plaintiff complained.

16.     Plaintiff has exhausted his administrative remedies against Defendants regarding his claims of age and disability discrimination, harassment (including a hostile work environment), and retaliation.

17.     Alternatively, the Court has jurisdiction because the suit arises under the Age Discrimination in Employment Act (ADEA) and the FLSA, and the ADA and ADAAA.

## **GENERAL ALLEGATIONS**

18.     Plaintiff was at all times as alleged herein over the age of forty (40).

19.     Plaintiff suffered from and complained to Defendants regarding his need for total shoulder replacement surgery.

20.     Defendants' manager is Cody Hayes ("Hayes").

21.     Hayes was Plaintiff's direct supervisor at all relevant times as alleged herein.

22.     At the time of his termination on or about September 20, 2019, Plaintiff had worked for Defendants for over ten (10) years as a Lead Tech Addiction Recovery Technician.

23.     Defendants awarded Plaintiff with numerous commendations throughout his employment.

24.     Defendants paid Plaintiff annual bonuses.

25.     Defendants stopped paying Plaintiff annual bonuses around June of 2018 and again around June of 2019.

26.     Around July of 2019, Hayes demoted Plaintiff, stripping him of his title as a Lead Tech Addiction Recovery Technician.

27.     Defendants gave Plaintiff's title as a Lead Tech Addiction Recovery Technician to a younger employee.

28.     Around July of 2019 and continuing until Defendants terminated Plaintiff, Plaintiff began noticing Defendants terminating older employees and replacing them with younger employees, seeming as if Defendants only hired younger employees.

29.     Starting on or around August of 2019 and continuing on at least a weekly basis, and continuing until Defendants terminated Plaintiff's employment, Hayes began suggesting Plaintiff needed to improve his computer skills.

4

Electronically Filed - Camden - February 19, 2021 - 12:00 PM

30.     After meeting with Plaintiff for 10-15 minutes per week for approximately four (4) weeks, Hayes told Plaintiff he was doing great and met the computer criteria he claimed Plaintiff lacked.

31.     Starting on or around August of 2019 and continuing on at least a weekly basis, and continuing until Defendants terminated Plaintiff's employment, Plaintiff was regularly subjected to suggestive, demeaning comments, actions, and behaviors of Hayes based on Plaintiff's age, including but not limited to such actions as:

      a.   Singling Plaintiff out for excessive monitoring;

      b.   Repeatedly suggesting to Plaintiff he was at retirement age;

      c.   Repeatedly asking Plaintiff if he was thinking about retiring soon;

      d.   Repeatedly encouraging Plaintiff to retire due to his age;

      e.   Telling Plaintiff lots of people Plaintiff's age are retired;

      f.   Asking Plaintiff if he was going to retire almost every time Plaintiff was at work;

      g.   Starting a pressure campaign including excessively monitoring Plaintiff and excessively asking him about retirement to try to push Plaintiff to quit or retire due to Plaintiff's age; and,

      h.   Assigning Plaintiff extra, disparate work duties;

      i.   Terminating Plaintiff.

32.     These comments and actions were not taken against and made to younger staff members.

33.     Around August of 2019, Plaintiff told Hayes he required a total shoulder replacement surgery to occur in October or November.

34.     Around September of 2019, Plaintiff again told Defendants he required a total shoulder replacement surgery and told them he needed time off for the surgery.

35.     After Plaintiff told Hayes he needed time off for surgery, Hayes told Plaintiff he did not have enough time off "banked" for the surgery.

36.     Around two days after Hayes told Plaintiff he did not have enough time off "banked" for the surgery, Plaintiff confirmed with Defendants he in fact had over 800 hours of "banked" leave.

37.     Plaintiff was on vacation in September of 2019 before his shoulder surgery.

38.     On the last day of Plaintiff's vacation, Hayes called Plaintiff and told him he needed to come into his office that day, despite being on vacation, for a mandatory meeting because he and Mrs. Ria Newcome needed to speak with Plaintiff, refusing to tell Plaintiff what the meeting regarded.

39.     Around this time, other employees called Plaintiff at home and told him they heard he was going to be terminated.

40.     Around September 20, 2019, Defendants terminated Plaintiff.

41.     Plaintiff was humiliated and traumatized by these events.

## COUNT I – DISABILITY DISCRIMINATION AND HARASSMENT (INCLUDING A HOSTILE WORK ENVIRONMENT) IN VIOLATION OF THE MHRA AGAINST ALL DEFENDANTS

42.     Plaintiff reasserts and re-alleges all allegations set forth throughout his Petition for Damages as if set forth herein and incorporates the same herein by reference.

43.     The acts described above and herein constitute disability discrimination and harassment (including a hostile work environment) in violation of the MHRA.

44.     Plaintiff is a member of a protected class based on a disability because he has an impairment that substantially limits a major life activity, but with or without a reasonable accommodation, does not impair his ability to perform the essential functions of his job.

45.     Plaintiff was subjected to numerous adverse employment actions including, but not limited to, disability discrimination and harassment (including a hostile work environment) by Defendants in the following ways, including, but not limited to:  disparate treatment; excessive monitoring; assigning Plaintiff extra, disparate work duties; repeatedly suggesting to Plaintiff he was at retirement age; repeatedly asking Plaintiff if he was thinking about retiring soon; repeatedly encouraging Plaintiff to retire due to his age; telling Plaintiff lots of people Plaintiff's age are retired; asking Plaintiff if he was going to retire almost every time Plaintiff was at work; starting a pressure campaign including excessively monitoring Plaintiff and excessively asking him about retirement to try to push Plaintiff to quit or retire due to Plaintiff's age; falsely asserting that Plaintiff did not have enough banked leave time for his surgery; terminating Plaintiff before he was able to obtain his surgery; and terminating Plaintiff.

46.     The conduct cited above and of which Plaintiff complains was severe and pervasive and affected the terms, conditions, and privileges of his employment.  Plaintiff and any reasonable person in his position would reasonably view this conduct as such.

47.     Plaintiff was subjected to numerous damaging and adverse employment actions including, but not limited to demotion; disparate denial of bonuses; disparate treatment; public reprimand; unfair, disproportionate, and disparate discipline; unfair, disproportionate, excessive, and disparate monitoring; denial of benefits; disparate denial of benefits; and termination.

48.     Plaintiff's disability was a motivating factor in the adverse actions taken against him.

49.     Plaintiff's disability was a factor in his discharge.

50.     The conduct cited throughout Plaintiff's Petition for Damages and incorporated herein by reference was adverse and damaging and caused Plaintiff great emotional upset and stress which impacted his daily life.  Plaintiff suffered great emotional upset due to the fact that he was discriminated against and harassed because he had a disability.  He was angry, upset, frequently stressed, lost sleep and was constantly worried about how might support his family without his income and benefits.

51.     Defendants' acts of discriminating against Plaintiff based on his age and as described throughout Plaintiff's Petition for Damages and incorporated herein by reference constitutes malice or a reckless indifference to Plaintiff's protected rights.

52.     The conduct of Defendants as alleged herein in engaging in age discrimination, harassment, and retaliation in violation of the MHRA is outrageous because of the evil motive or reckless indifference to the rights of others, including Plaintiff, thereby justifying an award of punitive damages so as to punish and deter Defendants, and others similarly situated, from engaging in like conduct in the future.

**WHEREFORE**, Plaintiff prays for judgment against Defendants on Count I of his Petition, for a finding that he has been subjected to unlawful disability discrimination and harassment (including a hostile work environment) prohibited by the MHRA; to enjoin Defendants from engaging in such conduct; for an award of back pay and other benefits, including interest; for an award of compensatory and punitive damages; for his costs expended; for interest at the highest legal rate; for his reasonable attorneys' and expert fees and expenses, and for such other and further relief the Court deems just and proper.

## COUNT II– RETALIATION IN VIOLATION OF THE MHRA
## ALL DEFENDANTS

8

53.     Plaintiff reasserts and re-alleges all allegations set forth throughout his Petition for Damages as if set forth herein and incorporates the same herein by reference.

54.     The acts described above and herein constitute retaliation in violation of the MHRA.

55.     Plaintiff engaged in protected activity when he requested leave for his reverse total should replacement surgery and successfully rejected Defendants' false claim that he lacked enough "banked" leave time for the surgery.

56.     After Plaintiff engaged in protected activity, he was subjected to numerous adverse actions including, but not limited to, demotion; disparate denial of bonuses; disparate treatment; public reprimand; unfair, disproportionate, and disparate discipline; unfair, disproportionate, excessive, and disparate monitoring; denial of benefits; disparate denial of benefits; and termination.

57.     After Plaintiff engaged in protected activity, the on-the-job demands actually increased, treatment of him comparably worsened, and the terms and conditions of his employment comparably worsened, leading ultimately to Plaintiff's termination.

58.     Defendants failed to conduct a proper investigation regarding Plaintiff's accommodation requests and failed to stop or otherwise protect Plaintiff from further retaliation.

59.     A causal connection exists between Plaintiff's protected activity and the adverse and damaging employment actions that resulted.

60.     Plaintiff's complaints and protected activity cited above contributed to the damaging adverse employment actions that followed.

61.     The conduct of which Plaintiff complains was severe and pervasive and affected the terms, conditions, and privileges of his employment.

9

62.     The retaliatory actions of Defendants caused Plaintiff great emotional upset and stress which impacted his daily life.  He was angry, upset, frequently stressed, lost sleep and was constantly worried about how might support his family without his income and benefits.

63.      Defendants' act of retaliating against Plaintiff for protected activity as described throughout Plaintiff's Petition for Damages constitutes malice or a reckless indifference to his protected rights.

64.     The conduct of Defendants as alleged herein in engaging in retaliation in violation of the MHRA is outrageous because of the evil motive or reckless indifference to the rights of others, including Plaintiff, thereby justifying an award of punitive damages so as to punish and deter Defendant, and others similarly situated, from engaging in like conduct in the future.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants on Count II of his Petition, for a finding that he has been subjected to unlawful retaliation prohibited by the MHRA; to enjoin Defendants from engaging in such conduct; for an award of back pay and other benefits, including interest; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' and expert fees and expenses, and for such other and further relief the Court deems just and proper.

**COUNT III – DISABILITY DISCRIMINATION & HARASSMENT
IN VIOLATION OF THE ADA & THE ADAAA
AGAINST ALL DEFENDANTS**

65.     Plaintiff reasserts and re-alleges all allegations set forth throughout his Petition for Damages as if set forth herein and incorporates the same herein by reference.

66.     The acts described above and herein constitute disability discrimination and harassment (including a hostile work environment) in violation of the ADA, and the ADAAA.

10

67.     Plaintiff suffered a physical impairment, degenerative impairment in his shoulder requiring total shoulder replacement surgery, substantially limiting at least one major life activity, including working, thus rendering him disabled within the meaning of the ADA, and the ADAAA.

68.     Plaintiff was disabled within the meaning of the ADA and the ADAAA.

69.     Plaintiff could successfully perform the essential duties of his position with or without reasonable accommodation.

70.     Plaintiff was subjected to numerous adverse employment actions including, but not limited to, disability discrimination and harassment (including a hostile work environment) by Defendants in the following ways, including, but not limited to:  disparate treatment; excessive monitoring; assigning Plaintiff extra, disparate work duties; repeatedly suggesting to Plaintiff he was at retirement age; repeatedly asking Plaintiff if he was thinking about retiring soon; repeatedly encouraging Plaintiff to retire due to his age; telling Plaintiff lots of people Plaintiff's age are retired; asking Plaintiff if he was going to retire almost every time Plaintiff was at work; starting a pressure campaign including excessively monitoring Plaintiff and excessively asking him about retirement to try to push Plaintiff to quit or retire due to Plaintiff's age; falsely asserting that Plaintiff did not have enough banked leave time for his surgery; terminating Plaintiff before he was able to obtain his surgery; and terminating Plaintiff.

71.     Defendants discriminated against and harassed Plaintiff after they learned that he suffered from a degenerative impairment requiring total shoulder replacement surgery and he requested a reasonable accommodation, by, including but not limited to, demotion; disparate denial of bonuses; disparate treatment; public reprimand; unfair, disproportionate, and disparate discipline; unfair, disproportionate, excessive, and disparate monitoring; denial of benefits; disparate denial of benefits; and termination.

11

72.     The conduct cited above and of which Plaintiff complains was severe and pervasive and affected the terms, conditions, and privileges of his employment.  Plaintiff and any reasonable person in his position would reasonably view this conduct as such.

73.     The conduct cited throughout Plaintiff's Petition for Damages and incorporated herein by reference was adverse and damaging and caused Plaintiff great emotional upset and stress which impacted his daily life.  Plaintiff suffered great emotional upset due to the fact that he was discriminated against and harassed because he had a disability.  He was angry, upset, frequently stressed, lost sleep and was constantly worried about how might support his family without his income and benefits.

74.     Defendants' discrimination against and harassment of Plaintiff and demoting and terminating him because he was disabled was intentional and done with malice and/or a reckless indifference to Plaintiff's protected rights.

**WHEREFORE**, Plaintiff prays for judgment against Defendants on Count III of his Complaint, for a finding that he has been subjected to unlawful disability discrimination and harassment prohibited by the ADA the ADAAA; for an award of back pay, including fringe benefits, bonuses, cost of living increases and other benefits; for interest; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees and expert fees and expenses; and for such other relief as the Court deems just and proper.

## COUNT IV– RETALIATION IN VIOLATION OF THE ADA AND ADAAA AGAINST ALL DEFENDANTS

75.     Plaintiff reasserts and re-alleges all allegations set forth throughout his Petition for Damages as if set forth herein and incorporates the same herein by reference.

76.     The acts described above and herein constitute retaliation in violation of the ADA, and the ADAAA.

77.     Plaintiff engaged in protected activity when he requested leave for his total should replacement surgery.

78.     After Plaintiff engaged in protected activity, Defendants subjected him to numerous adverse actions including, but not limited to, demotion; disparate denial of bonuses; disparate treatment; public reprimand; unfair, disproportionate, and disparate discipline; unfair, disproportionate, excessive, and disparate monitoring; denial of benefits; disparate denial of benefits; and termination.

79.     After Plaintiff engaged in protected activity, the on-the-job demands actually increased, treatment of him comparably worsened, and the terms and conditions of his employment comparably worsened, leading ultimately to Plaintiff's termination.

80.     There is a causal connection between Plaintiff's protected activity and the adverse actions that followed.

81.     The conduct cited above and of which Plaintiff complains was severe and pervasive and affected the terms, conditions, and privileges of his employment.  Plaintiff and any reasonable person in his position would reasonably view this conduct as such.

82.     Plaintiff suffered great emotional upset due to the fact that he was retaliated against after he engaged in protected activity.  He was angry, upset, frequently stressed, lost sleep and was constantly worried about how he might support their family without his income and benefits.

83.     Defendants' act of retaliating against Plaintiff because he engaged in protected activity was intentional and done with malice and/or a reckless indifference to the protected rights of Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment against Defendants on Count IV of his Complaint, for a finding that he has been subjected to unlawful retaliation prohibited by the ADA

the ADAAA; for an award of back pay, including fringe benefits, bonuses, cost of living increases and other benefits; for interest; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees and expert fees and expenses; and for such other relief as the Court deems just and proper.

<u>COUNT V – AGE DISCRIMINATION AND HARASSMENT (INCLUDING A HOSTILE<br>WORK ENVIRONMENT) IN VIOLATION OF THE MHRA<br>AGAINST ALL DEFENDANTS</u>

84.    Plaintiff reasserts and re-alleges all allegations set forth throughout his Petition for Damages as if set forth herein and incorporates the same herein by reference.

85.    The acts described above and herein constitute age discrimination and harassment (including a hostile work environment) in violation of the MHRA.

86.    Plaintiff is a member of a protected class by reason of his age, which is over forty (40).

87.    Plaintiff was subjected to age discrimination and harassment (including a hostile work environment) by Defendant in the following ways, including, but not limited to: disparate treatment; excessive monitoring; assigning Plaintiff extra, disparate work duties; repeatedly suggesting to Plaintiff he was at retirement age; repeatedly asking Plaintiff if he was thinking about retiring soon; repeatedly encouraging Plaintiff to retire due to his age; telling Plaintiff lots of people Plaintiff's age are retired; asking Plaintiff if he was going to retire almost every time Plaintiff was at work; starting a pressure campaign including excessively monitoring Plaintiff and excessively asking him about retirement to try to push Plaintiff to quit or retire due to Plaintiff's age; and terminating Plaintiff.

88.     The conduct cited above and of which Plaintiff complains was severe and pervasive and affected the terms, conditions, and privileges of his employment. Plaintiff and any reasonable person in his position would reasonably view this conduct as such.

89.     Plaintiff was subjected to numerous damaging and adverse employment actions including, but not limited to demotion; demotion and resulting loss of pay and benefits; disparate denial of bonuses; disparate treatment; public reprimand; unfair, disproportionate, and disparate discipline; unfair, disproportionate, excessive, and disparate monitoring; and termination.

90.     Plaintiff's age was a motivating factor in the adverse actions taken against him.

91.     Plaintiff's age was a factor in his discharge.

92.     The conduct cited throughout Plaintiff's Petition for Damages and incorporated herein by reference was adverse and damaging and caused Plaintiff great emotional upset and stress which impacted his daily life. Plaintiff suffered great emotional upset due to the fact that he was discriminated against and harassed because of his age. He was angry, upset, frequently stressed, lost sleep and was constantly worried about how might support his family without his income and benefits.

93.     Defendant's acts of discriminating against Plaintiff based on his age and as described throughout Plaintiff's Petition for Damages and incorporated herein by reference constitutes malice or a reckless indifference to Plaintiff's protected rights.

94.     The conduct of Defendants as alleged herein in engaging in age discrimination, harassment, and retaliation in violation of the MHRA is outrageous because of the evil motive or reckless indifference to the rights of others, including Plaintiff, thereby justifying an award of punitive damages so as to punish and deter Defendants, and others similarly situated, from engaging in like conduct in the future.

15

**WHEREFORE**, Plaintiff prays for judgment against Defendants on Count V of his Petition, for a finding that he has been subjected to unlawful age discrimination and harassment (including a hostile work environment) prohibited by the MHRA; to enjoin Defendants from engaging in such conduct; for an award of back pay and other benefits, including interest; for an award of compensatory and punitive damages; for his costs expended; for interest at the highest legal rate; for his reasonable attorneys' and expert fees and expenses, and for such other and further relief the Court deems just and proper.

## COUNT VI – AGE DISCRIMINATION AND HARASSMENT (INCLUDING A HOSTILE WORK ENVIRONMENT) IN VIOLATION OF THE ADEA AGAINST ALL DEFENDANTS

95.     Plaintiff reasserts and re-alleges all allegations set forth throughout his Petition for Damages as if set forth herein and incorporates the same herein by reference.

96.     The acts described above and herein constitute age discrimination and harassment (including a hostile work environment) in violation of the ADEA.

97.     Plaintiff is a member of a protected class by reason of his age.

98.     Plaintiff brings this action for benefits under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., as amended, and under the provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §211, et seq., as amended, and under the specific provisions of the ADEA, including but not limited to 29 U.S.C. § 626(c).

99.     Jurisdiction of this action is conferred upon the court by Section 7(b) of the ADEA and Section 17 of the FLSA.

100.     Defendants are employers within the meaning of the ADEA and the FLSA, are engaged in an industry affecting commerce, and have 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

101.    Plaintiff was an employee of Defendants for over ten (10) years until Plaintiff was terminated in violation of the ADEA.

102.    Plaintiff was subjected to age discrimination and harassment (including a hostile work environment) by Defendants in the following ways, including, but not limited to:  excessive monitoring; assigning Plaintiff extra, disparate work duties; repeatedly suggesting to Plaintiff he was at retirement age; repeatedly asking Plaintiff if he was thinking about retiring soon; repeatedly encouraging Plaintiff to retire due to his age; telling Plaintiff lots of people Plaintiff's age are retired; asking Plaintiff if he was going to retire almost every time Plaintiff was at work; starting a pressure campaign including excessively monitoring Plaintiff and excessively asking him about retirement to try to push Plaintiff to quit or retire due to Plaintiff's age; and terminating Plaintiff. In the ways cited herein Defendants intentionally discriminated against Plaintiff because of his age in violation of the ADEA.

103.    The conduct Plaintiff complains of was severe and pervasive and affected the terms, conditions and privileges of his employment.

104.    As a result of the discrimination against Plaintiff because of Plaintiff's age, contrary to Section 4 of the ADEA (29 U.S.C. § 623) and Section 15 of the FLSA (29 U.S.C. § 215), Defendants have withheld payment of wages from Plaintiff.  The wages withheld are by reason of Section 7(b) of the ADEA (29 U.S.C. § 626(b)) deemed to be unpaid minimum wages and overtime compensation within the meaning of Section 17 of the FLSA (29 U.S.C. § 217).

105.    Plaintiff was subjected to numerous damaging and adverse employment actions including, but not limited to demotion resulting in loss of pay and benefits; disparate denial of bonuses; disparate treatment; public reprimand; unfair, disproportionate, and disparate discipline; unfair, disproportionate, excessive, and disparate monitoring; and termination.

106.    Plaintiff's age was a motivating factor in the adverse actions taken against him.

107.    Plaintiff's age was a factor in his discharge.

108.    Plaintiff was discharged from employment with Defendants.  Although plaintiff has diligently sought other employment, he has been unable to find a job.  In addition, Plaintiff has incurred expenses in seeking other employment, and has had to pay for medical treatment that otherwise would have been covered by the health benefits offered by Defendants.

109.    Plaintiff suffered loss of his pension or retirement benefits.

110.    Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits.  Reinstatement of Plaintiff in his previous position is impractical and unworkable.  Therefore, Plaintiff seeks an award of front pay and retirement benefits to compensate him.

111.    Plaintiff is entitled to an award of attorney fees and costs under the ADEA.

112.    Defendants' conduct was an intentional and willful violation of the ADEA. Plaintiff is entitled to an award of liquidated damages within the meaning of the ADEA.

113.    The conduct cited throughout Plaintiff's Petition for Damages and incorporated herein by reference was adverse and damaging and caused Plaintiff great emotional upset and stress which impacted his daily life.  Plaintiff suffered great emotional upset due to the fact that he was discriminated against and harassed because of his age.  He was angry, upset, frequently stressed, lost sleep and was constantly worried about how might support his family without his income and benefits.

114.    Defendants' acts of discriminating against Plaintiff based on his age and as described throughout Plaintiff's Petition for Damages and incorporated herein by reference constitutes malice or a reckless indifference to Plaintiff's protected rights.

115.    The conduct of Defendants as alleged herein in engaging in age discrimination, harassment, and retaliation in violation of the ADEA is outrageous because of the evil motive or reckless indifference to the rights of others, including Plaintiff, thereby justifying an award of punitive damages so as to punish and deter Defendants, and others similarly situated, from engaging in like conduct in the future.

**WHEREFORE**, Plaintiff prays for judgment against Defendants on Count VI of his Petition, for a finding that he has been subjected to unlawful age discrimination and harassment (including a hostile work environment) prohibited by the ADEA and denial of wages prohibited by the FLSA; to enjoin Defendants from engaging in such conduct; for an award of back pay and other benefits, including interest; for an award of compensatory and punitive damages; for his costs expended; for interest at the highest legal rate; for his reasonable attorneys' and expert fees and expenses, and for such other and further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby requests a trial by jury on all issues triable by jury.

Respectfully submitted,

**JAMES & NOLAND, LLC**

_____
Brian T. Noland    MO Bar 67127
117 W. 20th St, STE 201
Kansas City, MO 64108
brian@jamesandnoland.com
(o) 816-473-6800
(f) 816-817-8828

**WILLIAMS DIRKS DAMERON LLC**

19

_/s/ Michael Williams_
Michael A. Williams MO Bar 47538
1100 Main Street, Suite 2600
Kansas City, MO 64105
mwilliams@williamsdirks.com
(o) 816-876-2600
(f) 816-221-8763

**Attorneys for Plaintiff**

20